IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Chuck Burdine, | : | Case No. 1:22-cv-00383 |
| *Plaintiff*, | : | |
| v. | : | Judge Jeffery P. Hopkins |
| Kenny Burdine, *et al.*, | : | |
| *Defendants*. | : | |

**OPINION AND ORDER**

This matter is before the Court for consideration of Defendant IAM National Pension Fund's (the "Fund") motion to change venue (Doc. 15) ("Motion"). After submitting pleadings on this topic, the Parties[1] argued the Motion during the jointly requested status conference held on November 17, 2023. After review of the Motion and responsive memoranda, the Fund's Motion is **GRANTED**. The Clerk's Office **SHALL TRANSFER** this case to the United States District Court for the District of Columbia. Upon transfer, the Clerk **SHALL ADMINISTRATIVELY** close this case.

**I.    BACKGROUND**

Plaintiff Chuck Burdine alleges that Defendants Kenny, Joann, and Tonja Burdine (collectively, the "Burdine Defendants") improperly influenced Chuck's father, Charles Burdine ("Decedent"), to change the beneficiary to his pension plan from Plaintiff to Defendant Tonja Burdine (daughter of Kenny and Joann) as the sole beneficiary before he

---

[1] The "Parties" include Plaintiff Chuck Burdine, Defendants Kenny, Joann, and Tonja Burdine, and Defendant the IAM National Pension Fund.

passed away. *See generally,* Doc. 1. On July 7, 2022, Plaintiff filed this suit against the Burdine Defendants and the Fund, alleging undue influence (Count I), lack of capacity (Count II), declaratory judgment (Count III), constructive trust (Count IV), and intentional interference with expectancy of inheritance (Count V). *Id.* Namely, Plaintiff requests a declaration that the Fund distributions should be directed to Plaintiff. *Id.* at PageID 11–12.

While the Burdine Defendants filed answers, the Fund filed its Motion to Change Venue on November 2, 2022. Docs. 8–10, 15. The Motion is based upon a forum selection clause (the "Forum Selection Clause") in the Decedent's ERISA pension plan, which was added to the plan in 2014. Doc. 15-1. The Forum Selection Clause, in pertinent part, provides:

> [I]f any party or person wishes to file suit against the [Fund], they must file suit in the United States District Court for the District of Columbia. The provisions of this Section shall apply to and include any and every claim for benefits from the [Fund] and any claim or right asserted under or against the [Fund], regardless of the asserted basis for the claim or right, regardless of when the act or omission on which the claim or right is based occurred and regardless of whether the claimant or applicant is a "Participant" or "Beneficiary" of the [Fund] within the meaning of those terms as defined in ERISA. This Section applies to all litigation against the [Fund] . . . .

*Id.* at PageID 110. Importantly, the Forum Selection Clause applies to *all* litigation involving the Fund.

On November 17, 2023, the Court held a status conference with all of the Parties to this proceeding. At that time, each of the Parties were given an opportunity to present additional arguments regarding the Motion. Only the Burdine Defendants oppose the Motion; all the other Parties, including the Plaintiff who filed the Complaint in this District, consented to the transfer of this case to the District Court for the District of Columbia for adjudication. The Court now turns to the issues presented by the Motion.

2

## II. LAW AND ANALYSIS

The Court considers two issues: (1) whether the Forum Selection Clause is valid and enforceable; and (2) if the Clause is enforceable, whether the public-interest factors bar enforcement. As the party opposing enforcement, the burden of showing that the Forum Selection Clause should be set aside falls squarely upon the Burdine Defendants. *Wong v. PartyGaming Ltd.*, 589 F.3d 821, 830, 828 (6th Cir. 2009).

### A. A Beneficiary's Lack of Notice of a Forum Selection Clause Does Not Render the Clause Unenforceable.

The Court contemplates as a threshold matter whether the Forum Selection Clause is valid and enforceable. In *Wong*, the Sixth Circuit provided a three-part test to use in evaluating the enforceability of a forum selection clause: "(1) whether the clause was obtained by fraud, duress, or other unconscionable means; (2) whether the designated forum would ineffectively or unfairly handle the suit; and (3) whether the designated forum would be so seriously inconvenient such that requiring the plaintiff to bring suit there would be unjust." *Id.* at 828.

The Burdine Defendants have not argued that the Forum Selection Clause was induced by fraud. Nor have they argued that the United States District Court for the District of Columbia would ineffectively handle the suit. Instead, the Burdine Defendants argue enforcement would be unjust because the Fund failed to give notice to the plan participants, including Decedent. However, that position is inconsistent with binding Sixth Circuit precedent.

Forum selection clauses are valid except in the rarest cases. *Atl. Marine Constr. Co. v. U.S. Dist. Court for the W. Dist. of Tex.*, 571 U.S. 49, 62, 134 S.Ct. 568, 187 L.Ed.2d 487 (2013) (hereinafter, "*Atlantic Marine*"). In *Smith v. AEGON Cos. Pension Plan*, the Sixth Circuit held

3

that a forum-selection clause in an ERISA-governed pension plan, which required all lawsuits to be brought in federal court in Cedar Rapids, Iowa, was valid and enforceable. 769 F.3d 922, 930–33 (6th Cir. 2014). The Sixth Circuit reasoned that "[p]lan administrators and employers 'are generally free under ERISA, for any reason at any time, to adopt, modify, or terminate . . . pension benefit plans.'" *Id.* at 930 (citing *Coomer v. Bethesda Hosp.*, Inc., 370 F.3d 499, 508 (6th Cir. 2004)). And that such clauses are "presumptively valid and enforceable," even when a forum selection clause is "not the product of an arms–length transaction," like when a beneficiary does not receive notice. *Id.*

As one court within this Circuit has explained, an ERISA plan "is not the typical contract negotiated between the plaintiff and the defendant"; rather, "[i]t is a welfare benefit plan negotiated by Plaintiff's employer and the Plan Administrator." *Conte v. Ascension Health*, No. 11-12074, 2011 U.S. Dist. LEXIS 111657, 2011 WL 4506623, at *2 (E.D. Mich. Sep. 28, 2011). The *Conte* court found that because a plaintiff-beneficiary of an ERISA plan "d[oes] not have bargaining power to negotiate the inclusion or exclusion of the forum selection clause, notice is not relevant to determining whether the provision was freely negotiated and enforceable." *Id.* Numerous courts have reached similar conclusions. *See, e.g., Pedersen v. Kinder Morgan,* No. 21-CV-10388, 2021 U.S. Dist. LEXIS 238069, 2021 WL 5757189, at *5–6 (E.D. Mich. Nov. 1, 2021) (holding lack of notice to employee about forum selection clause in pension plan did not make clause fundamentally unfair and unenforceable); *Feather v. SSM Health Care*, 216 F. Supp. 3d 934, 942 (S.D. Ill. Oct. 25, 2016) (same); *Smith v. Aegon USA, LLC*, 770 F. Supp. 2d 809, 812 (W.D. Va. 2011) (enforcing forum selection clause in ERISA plan despite lack of notice); *Rodriguez v. PepsiCo Long Term Disability Plan*, 716 F. Supp. 2d 855, 860 (N.D. Cal. 2010) (same); *Testa v. Becker*, No. CV10638GHKFMOX, 2010 U.S. Dist.

4

LEXIS 47130, 2010 WL 1644883, at *7 (C.D. Cal. Apr. 22, 2010) (same); *Angel Jet Servs., L.L.C. v. Red Dot Bldg. Sys.' Employee Ben. Plan*, No. CV-09-2123-PHX-GMS, 2010 U.S. Dist. LEXIS 16345, 2010 WL 481420, at *2 (D. Ariz. Feb. 8, 2010) (same); *Laasko v. Xerox Corp.*, 566 F. Supp. 2d 1018, 1024 (C.D. Cal. 2008) (enforcing forum selection clause in ERISA plan despite lack of advance notice to participants because "even though the beneficiaries of the plan may not have had notice of the forum selection clause, the employer, who negotiated the plan, did have notice of the clause and the ability to reject the contract").

This Court is bound by the Sixth Circuit's opinion in *Smith*. Under the circumstances, the Forum Selection Clause is not unenforceable simply because it was unilaterally added with, allegedly, no notice to Decedent or the beneficiaries. The Court thus finds that the Forum Selection Clause at issues in this case is enforceable.

### B. Transfer Is Appropriate.

Because the Forum Selection Clause is enforceable, the Court must decide whether transfer to the District Court of the District of Columbia under 28 U.S.C. § 1404(a) is appropriate, or to dismiss the case under Federal Rule of 12(b)(6). *See Keever v. NCR Pension Plan*, No. 3:15-cv-196, 2015 U.S. Dist. LEXIS 169019, 2015 WL 9255342, at *5 (S.D. Ohio Dec. 15, 2015). The Supreme Court instructs that, "the appropriate way to enforce a forum-selection clause" is to transfer the case to the proper district court under 28 U.S.C. § 1404(a). *Atlantic Marine*, 571 U.S. at 60 ("Section 1404(a) is merely a codification of the doctrine of *forum non conveniens* for the subset of cases in which the transferee forum is within the federal court system; in such cases, Congress has replaced the traditional remedy of outright dismissal with transfer."). Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or

5

division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). In reliance on *Atlantic Marine*, and given that no party advocates for dismissal, the Court turns solely to the issue concerning whether transferring the case pursuant to 28 U.S.C. § 1404(a) best serves the interest of justice.

As explained in a recent Sixth Circuit decision, the typical transfer analysis has three components. *Lakeside Surfaces, Inc. v. Cambria Co.*, 16 F.4th 209, 214–15 (6th Cir. 2021). A district court first (i) "determines the degree of deference owed the plaintiff's forum choice," and then asks if the defendant has met its burden of showing (ii) an "adequate alternative forum," and (iii) that "the plaintiff's chosen forum is unnecessarily burdensome based on" a balancing of public-interest and private-interest factors. *Id.*

However, this is not the typical transfer analysis. Because, as the Sixth Circuit instructs, "[t]he calculus changes . . . when there is a valid and enforceable forum selection clause." *Id.* at 215 (internal quotes omitted). In these cases, the plaintiff's choice of forum "merits no weight" and courts consider arguments only under the public-interest factors, treating the private-interest factors as "weigh[ing] entirely in favor of the preselected forum." *Id.* The burden falls on the party opposing transfer to show that the public-interest factors defeat transfer, "*and they rarely will*." *Id.* (emphasis added). Thus, "[t]he only remaining question is whether this is one of the few, rare cases where the [responding parties] have shown that the public-interest factors defeat transfer." *Pedersen*, No. 21-CV-10388, 2021 WL 5757189, at *6. It is not.

The relevant public-interest factors include: (i) administrative difficulties flowing from court congestion; (ii) the local interest in having localized controversies decided at home; (iii) the interest in having the trial of a diversity case in a forum that is at home with the law that

6

must govern the action; (iv) the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and (v) the unfairness of burdening citizens in an unrelated forum with jury duty. *Hefferan v. Ethicon Endo-Surgery Inc.*, 828 F.3d 488, 498 (6th Cir. 2016).

In pleadings filed with the Court, the Parties did not specifically address each of the public-interest factors. Instead, the Burdine Defendants qualms with transfer focus on *private-interest* factors. For example, the Burdine Defendants note financial strain associated with traveling to the District of Columbia and obtaining local counsel. Doc. 16, PageID 123. And that fact witnesses may have to travel to the transferee district. *Id.* These private-interest factors weigh entirely in favor of transfer.

The Burdine Defendants' argument only touches on one of the public-interest factors. Namely, they comment on the third factor by arguing that they are entitled to a trial. Doc. 16, PageID 126. However, the third public interest factor is inapplicable because this is not a *diversity* case; it is case seeking benefits under ERISA. *See Hieshetter v. Tyson Foods, Inc.*, No. 1:19-cv-190, 2019 U.S. Dist. LEXIS 206277, 2019 WL 6330751, at *4 (W.D. Mich. Nov. 5, 2019) ("[I]t is well established that common claims seeking benefits under an ERISA plan, such as negligence and breach of fiduciary duty, are preempted by ERISA."); *see also Smith v. Provident Bank*, 170 F.3d 609, 613 (6th Cir. 1999) ("Common law breach of fiduciary duty claims are clearly preempted by ERISA."); *Hester v. United Healthcare Ins. Co.*, No. 1:08-cv-105, 2008 U.S. Dist. LEXIS 132884, 2008 WL 11452448, at *3 (E.D. Tenn. Oct. 9, 2008) ("Because Plaintiffs' negligence claim against United is essentially a claim for denial of

benefits which could have been brought under § 502(a)(1)(B), it is preempted by ERISA.").[2] As such, the Burdine Defendants have not shown that this is one of the very rare cases where public-interest factors tilt the scales towards non-enforcement of an otherwise enforceable forum-selection clause.

The Court finds that the public-interest factors do not defeat transfer. Accordingly, the Court also finds that transferring the case pursuant to 28 U.S.C. § 1404(a) best serves the interest of justice.

### III. CONCLUSION

Based on the above, the Fund's Motion (Doc. 15) is **GRANTED**. The Clerk's Office **SHALL TRANSFER** this case to the United States District Court for the District of Columbia. Upon transfer, the Clerk **SHALL ADMINISTRATIVELY** close this case.

**IT IS SO ORDERED.**

December 8, 2023

Jeffery P. Hopkins
United States District Judge

---

[2] On a related note, the Burdine Defendants state that "the goal of maintaining consistency of decisions interpreting ERISA plan[s] simply does not apply here." Doc. 16, PageID 129. The Burdine Defendants are incorrect because the law is clear: common law claims seeking benefits under an ERISA plan, such as the claims at issue here, are preempted by ERISA. *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 62-63, 107 S. Ct. 1542, 1546 (1987) ("[A] suit by a beneficiary to recover benefits from a covered plan, it falls directly under § 502(a)(1)(B) of ERISA, which provides an exclusive federal cause of action for resolution of such disputes.").

8